ANHEUSER-BUSCH, INC. *v.* Betty McALPIN

77-238                                                 562 S.W. 2d 72

Opinion delivered February 27, 1978
(Division I)

*Holloway & Haddock,* by: *Bill R. Holloway,* for appellant.

*Drew & Mazzanti,* for appellee.

GEORGE HOWARD, JR., Justice. The question to be decided is whether the verdict of the jury in behalf of appellee, on her claim for damages resulting from drinking beer from a bottle containing a foreign substance, in the sum of $10,000.00 is so grossly excessive requiring either a remittitur or a new trial.

## THE FACTS

Appellee purchased a bottle of beer at the Tiara Club.[1] After completing approximately half of the contents of the bottle of beer, appellee discovered what appeared to be the remains of a decomposed mouse at the bottom of the bottle.

Appellee alleged in her complaint that as a direct consequence of discovering the foreign substance in the beer, she became "violently ill"; that "she was unable to work as a waitress or any other occupation for several weeks"; that "she sustained pain, suffering and mental anguish, past, present and future and incurred medical expenses for which she should recover the sum of $100,000.00".

---

[1]Appellee was a part time employee of the Tiara Club, but this incident occurred on her day off from work.

The case was tried to a jury and the jury rendered a verdict in behalf of appellee in the sum of $10,000.00 against Anheuser-Busch, Inc. Although the action was initially instituted against Delta Distributing, Inc., and Bobbie Helling, d/b/a The Tiara Club and Anheuser-Busch, Inc., appellee took a nonsuit as to Delta Distributing, Inc. and Bobbie Helling, d/b/a The Tiara Club.

## APPELLANT'S CONTENTION FOR REVERSAL

1. The trial court erred by failing to enter a remittitur in view of a grossly excessive verdict of $10,000.00 obviously based on passion and prejudice of the jury when there were no medical bills and the claimed injuries were based solely on the uncorroborated testimony of the appellee.

## THE DECISION

The evidence shows that when appellee discovered the foreign substance in her bottle of beer, she became nauseated, nervous and had chills and as a consequence of this condition, she lost everything that she had eaten. The appellee immediately visited her personal physician who advised her, in effect, that her condition was not serious, but "all in my mind." After a few weeks, appellee concluded that her condition — loss of weight, sleepless nights and a sickly feeling — was not improving, appellee consulted a psychiatrist who gave appellee some "depression pills".

Appellee further testified that it was approximately "eight months to a year" before she returned to the Tiara Club because mere mentioning of the club refreshed her memory about the incident and she would become nervous and upset. But even after a year, the evidence reflects, appellee had to take one of her pills in order to relax and drink a bottle of beer.

Appellee offered no evidence pertaining to any medical bills or expenditures and, moreover, there was no evidence offered from her physician or psychiatrist. The only medical evidence offered came directly from appellee pertaining to her

condition before and after she discovered the foreign substance in her beer.

The appellee testified that at the time of the incident, she worked three days a week, earning $10.00 per day as a regular salary and between $10.00 to $15.00, at certain times, per day from tips; that she tried to work at a grocery store and at a garment factory, but her condition was such that she could not cope with her work assignments and that the pay that she received during these efforts to maintain employment was considerably less than what she had received at the Tiara Club for the same amount of time or work performed.

In *Breitenberg* v. *Parker*, 237 Ark. 261, 372 S.W. 2d 828, we stated:

"Every case involving the issue of excessiveness must be examined on its own facts; and before this Court can constitutionally reduce a verdict we must give the evidence in favor of the verdict its highest probative force and then determine whether there is any substantial evidence to sustain the verdict."

After giving the evidence in this case its highest probative force, we are persuaded that the verdict of the jury in the sum of $10,000.00 is highly speculative and is not supported by any substantial evidence and, consequently, excessive. We hold that the appellee is entitled to recover a sum not exceeding $3,000.00. If within seventeen days, appellee will enter a remittitur of $7,000.00, the judgment for the remaining $3,000.00 will be affirmed; otherwise, the cause will be remanded for a new trial. *See: Coca-Cola Bottling Company of Arkansas* v. *Langston*, 198 Ark. 59, 127 S.W. 2d 263.

Modified and affirmed, if remittitur is entered.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.